CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 02, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHAVIS RASHAD WILLIAMS,<br>　　　Plaintiff,<br><br>v.<br><br>ERIC YOUNG, *et al.*,<br>　　　Defendants. | Civil Action No. 7:25-cv-00055<br><br><br>By: Elizabeth K. Dillon<br>　　Chief United States District Judge |

**MEMORANDUM OPINION**

Chavis Rashad Williams, acting *pro se*, brought this action related to his detention at the Middle River Regional Jail in Staunton pursuant to 42 U.S.C. § 1983. (Compl., Dkt. Nos. 1, 1-1.) Williams asserts that he was subjected to "harsh conditions" at the Restrictive Housing Unit in the jail. Williams has sued Eric Young, the Superintendent, and Wyatt Brown, the Captain at the jail. Both defendants move to dismiss the complaint for failure to state a claim. (Dkt. No. 20.) Williams did not file a response to this motion. Also before the court is a motion for preliminary injunction filed by the plaintiff. (Dkt. No. 9.)

For the reasons stated below, defendants' motion to dismiss will be granted, plaintiff's motion for a preliminary injunction will be denied, and this matter will be dismissed in its entirety.

I.  BACKGROUND

**A.  Plaintiff's Allegations**

Williams alleges that "Eric Young being the Super Intendent allowed knowingly for these things to go on. The conflict of interest, the assault the harsh conditions I'm made to endure in RHU!" (Compl. 2.) Further, Williams alleges that "[Wyatt] Brown being the Captain allowed

knowingly for these things to go on.  The conflict of interest, the assault by Officer Cpt. T. Brookman, the harsh conditions I'm made to endure in RHU . . . ."  (*Id.*)

Along with his federal civil rights complaint, Williams attached an Augusta County, Virginia, General District Court sworn criminal complaint form that he signed.  (Dkt. No. 1-1 at 3.)  The complaint states that on December 18, 2024, Williams was escorted to RHU and forced to the ground face down and in handcuffs.  Officer Brookman was there along with five other officers.  After the other officers left the cell, Brookman "reached down for no reason for there is no threat [and] tazes me."  (*Id.*)

Williams also attached several handwritten pages of allegations.  (Dkt. 1-1 at 1–2, 4–9.)  Plaintiff states that he was "recently re-booked" into the Middle River jail after "shipping me to another jail to hold me there due to a conflict of interest I have with the dentist that works here."  (*Id.* at 1.)  The conflict is due to the dentist being a "supposed victim in a crime [where] violence was used in my (current) unresolved legal case!"  (*Id.*)  Williams claims that this is a HIPAA violation because the dentist has access to his medical files.  Williams also had a tooth infection, and he submitted several grievances over two to three months.  (*Id.* at 1–2.)  A bubble with fluid had formed, and Williams was suffering from headaches, swelling, fever, and difficulty swallowing.  Williams approached two separate nurses who acknowledged the tooth was "bad," but nothing could be done because of the conflict of interest.  (*Id.* at 2.)  Williams eventually saw an outside dentist who pulled the tooth.  (*Id.*)

On later pages, Williams alleges that after the assault and after filing the criminal complaint, he has been getting sick from eating food served by officers at the jail.  (*Id.* at 4.)  He claims that his food is being poisoned, and it is causing blood clots.  (*Id.*)  Williams reiterates his

2

complaints about being in RHU, the assault by Officer Brookman, and states that officers are conspiring to have him killed. (*Id.* at 4–9.)

**B. Plaintiff's Motion for a Preliminary Injunction**

In his motion for injunctive relief, plaintiff claims that his food is being poisoned. Williams states that unknown persons are "placing a unknown substance on their gloves now and touching my stuff to spread the substance . . . ." (Dkt. No. 9.) He asks that "something be done to help me and to expose the things going on." (*Id.*)

II.  ANALYSIS

**A. Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.

3

1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## B. Personal Involvement

Section 1983 provides a cause of action against a person who, acting under color of state law, violates the constitutional rights of another. *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A claim under § 1983 requires factual details about each defendant's personal involvement int eh violation of the plaintiff's rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Iqbal*, 556 U.S. at 676 (noting that liability under § 1983 "requires personal involvement").

The only allegations against the two defendants are the statements made in the complaint that Young "being the superintendent allowed knowingly for these things to go on" and Brown "being the Captain allowed knowingly for these things to go on . . . ." These statements are not sufficient to plausibly state that either defendant was personally involved in any constitutional violation against Williams. *See Newkirk v. Cir. Ct. of City of Hampton*, No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding that the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

Further, the complaint does not plausibly allege that either defendant can be liable as a supervisor. To establish supervisory liability, a plaintiff must show (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to

or tacit authorization of the alleged offensive practices, and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (citing *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Williams has not alleged any specific facts that the defendants knew that any of their employees or subordinates were violating his constitutional rights. *See, e.g.*, *Thompson v. Commonwealth*, 878 F.3d 89, 110–11 (4th Cir. 2017) (affirming summary judgment where plaintiff only made conclusory allegations without specific facts that defendants had knowledge retaliation was taking place). Moreover, the only person identified by name to have harmed plaintiff is Officer Brookman, who allegedly "tazed" Williams, but there are no allegations connecting this action with the named defendants, such that defendants knew about this conduct and had an inadequate response that caused injury.

For these reasons, the court will grant the motion to dismiss and dismiss all of plaintiff's claims without prejudice.

**C. Preliminary Injunction**

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Williams is not likely to succeed on the merits because, for the reasons stated in this opinion, he has not stated a plausible claim for relief against Young or Brown. He is therefore not entitled to injunctive relief.

### III.  CONCLUSION

The court will issue an appropriate order granting defendants' motion to dismiss and denying plaintiff's motion for a preliminary injunction.

Entered: February 2, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge